**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| In re: Rare Breed Triggers Patent Litigation | 4:26-md-03176-ALM |
| ABC IP, LLC et al.,<br>Plaintiffs,<br>vs.<br>Vance Outdoors Inc. et al.,<br>Defendants. | 4:26-cv-01009-ALM |

**<u>Defendants' Motion to Stay</u>**

Defendants Vance Outdoors Inc., Vance Retail LLC, Michael Todd Vance, Douglas Vance, and Kevin Chandler move, under this Court's inherent authority and the customer-suit exception, to stay this action pending resolution of the related manufacturer actions: *ABC IP, LLC et al. v. Peak Tactical, LLC d/b/a Partisan Triggers et al.*, Case No. 4:26-cv-00698-ALM; *Atrius Development Group Corp., Inc. v. ABC IP, LLC et al.*, Case No. 4:26-cv-00448-ALM.

As explained below, those actions involve the same patents and accused trigger products at issue here. They will resolve many—if not all—of the major and controlling issues in this case. A stay will therefore promote efficiency by avoiding duplicative litigation

of the same patent and product-specific issues that will necessarily be decided in the manufacturer actions.[1]

## Background

### I. The Parties

Defendants Vance Outdoors Inc. and Vance Retail LLC (collectively, "Vance Outdoors") are, respectively, an Ohio corporation and Ohio limited liability company. (Compl. ¶ 4-5.) They are outdoor-sports retailers that sell products online and through brick-and-mortar stores in Ohio.

Defendants Michael Todd Vance, Douglas Vance, and Kevin Chandler (collectively, the "Individual Defendants") are individuals who reside in Ohio. Plaintiffs allege that each "is a principal or sole principal of Vance Outdoors." (Compl. ¶ 48-52.)

Vance Outdoors and the Individual Defendants are referred to collectively as the "Vance Defendants."

ABC IP, LLC is a Delaware limited liability company. (*Id.* ¶ 2.) Plaintiffs allege that ABC owns the asserted patents by assignment. (*Id.* ¶ 22.)

Rare Breed Triggers, Inc. is a Texas corporation. (*Id.* ¶ 1.) Plaintiffs allege that Rare Breed is the exclusive licensee of the asserted patents and has the exclusive right to enforce the FRT trademarks asserted in the action. (*Id.* ¶ 23, 24.)

RBTM LLC is a Wyoming limited liability company. (*Id.* ¶ 3.) Plaintiffs allege that RBTM owns the FRT marks. (*Id.* ¶ 23.)

---

[1] The parties stipulated that defendants could have 21 days after completion of MDL transfer to move, plead, or otherwise respond to the complaint. Defendants now respond by moving to stay rather than answering, asserting counterclaims, or moving to dismiss under Rule 12(b)(6). If the Court denies this motion, defendants request 30 days from the date of denial to move, plead, or otherwise respond to the complaint.

## II. Procedural History

Plaintiffs have filed numerous lawsuits asserting patent and trademark claims involving forced-reset trigger devices manufactured by Atrius Development Group Corporation, Inc. ("Atrius") and Peak Tactical, LLC, dba Partisan Triggers, nka The Triggered Company ("Peak"). The accused Atrius devices are the Atrius 3-Position Forced Reset Selector and Atrius 3-Position Ambidextrous Forced Reset Selector (the "Atrius Products"). (Compl. ¶ 35.) The accused Peak device is the Disruptor 3-Position Drop-In Forced Reset Trigger. (*Id.* ¶ 39; *see also In re Super Safety Patent Litigation*, 829 F. Supp. 3d 1370, 1371 (J.P.M.L. 2026).)

On April 2, 2026, the Judicial Panel on Multidistrict Litigation established MDL No. 3176, and centralized the related actions in the Eastern District of Texas for coordinated or consolidated pretrial proceedings. *In re: Rare Breed Triggers Patent Litigation*, 829 F. Supp. 3d at 1370. The Panel found that the actions present common questions of fact because they involve many of the same patents and same accused products. *Id.*

Numerous other patent and trademark cases have since been identified as tag-along actions and transferred into the MDL, and the list continues to grow.

This action is one of those tag-along cases. It is a classic reseller case: the Vance Defendants are sued for reselling the Atrius Products and the Disruptor. (Declaration of Kevin Chandler ("Chandler Decl.") ¶ 6-10, att'd as Ex. A.) They do not design or manufacture the accused products. (*Id.*) They purchased the products for resale from the manufacturers (Atrius and Peak) or from the manufacturers' distributors, Cloak Industries, Inc. (for the Atrius Products) and Orion Arms Corp. (for the Disruptor). (*Id.*)

## III. Plaintiffs have put each asserted patent and each accused product at issue in manufacturer actions already pending in the MDL.

The manufacturers of the accused products are already litigating those products and patents against plaintiffs in MDL No. 3176: *ABC IP, LLC et al. v. Peak Tactical, LLC d/b/a Partisan Triggers et al.*, No. 4:26-cv-00698-ALM, and *Atrius Development Group Corp., Inc. v. ABC IP, LLC et al.*, No. 4:26-cv-00448-ALM. Together, those actions address the Atrius Products and the Disruptor and cover each of the eight patents asserted in this action.

Other resellers sued for selling the Atrius Products have moved to stay pending resolution of the manufacturer litigation with Atrius. *See, e.g.*, *ABC IP, LLC et al. v. Orion Arms Corp.*, No. 4:26-cv-01110-ALM, ECF No. 27 (the "Orion Case"). Likewise, resellers sued for selling the Disruptor have moved to stay pending resolution of the manufacturer litigation with Peak. *See, e.g.*, *ABC IP, LLC et al. v. Antonio Choukair*, No. 4:26-cv-00755-ALM, ECF No. 16 (the "Choukair Case"). Those motions remain pending.

The Panel has recognized the pending stay motions and the likelihood of future ones. It observed that the transferee judge "already has pending motions to stay other actions under the customer-suit exception," that defendants transferred into the MDL "can request stays under the customer-suit exception," and that "if the transferee judge decides to grant any such motion, he can apply it to all similarly situated actions without duplicative labor." Transfer Order at 3, *In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, ECF No. 154.

## **Law and Argument**

Like other resellers in MDL No. 3176, the Vance Defendants seek a stay on two distinct legal grounds: the customer-suit exception and the Court's inherent authority to stay a case.

## I. Legal standards.

The customer-suit exception provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). For the exception to trigger a stay, "the manufacturer's case need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue." *Ultra Products, Inc. v. Best Buy Co.*, No. 09-1095 (MLC), 2009 WL 2843888, at *6 (D.N.J. Sept. 1, 2009), *quoting Katz*, 909 F.2d at 1464.

The customer-suit exception exists because the "manufacturer is the true defendant in the customer suit . . . [for] it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464, *quoting Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977). The judicial preference for the manufacturer's case also makes sense because "a decision in the suit between [the patentee and manufacturer] would settle the issue finally and prevent further suits," whereas the case against the customer "would not be res judicata against allegedly infringing manufacturer, and a decree against the patent would still leave the patent owner free to sue other customers." *Delamere Co. v. Taylor-Bell Co.*, 199 F. Supp. 55, 57 (S.D.N.Y. 1961).

Thus, district courts correctly stay cases against downstream customers when, as here, the "supplier litigation will resolve the major issues in the customer litigation, such as patent infringement and validity." *Blue Spike, LLC v. Zeitera, LLC*, No. 14-CV-01648 YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014) (staying customer suit); *accord Ultra Prods.*, 2009 WL 2843888, at *8 (same); *Leviton Mfg. Co. v. Interline Brands Inc.*, No. 3:05-cv-123-J-33MCR,

2006 WL 2523137, at *4 (M.D. Fla. Aug. 30, 2006) (same); *In re Google Inc.*, 588 Fed. Appx. 988, 990 (Fed. Cir. 2014) (granting mandamus and ordering district court to stay reseller cases pending outcome of case against manufacturer).

Separately, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In this District, courts applying that authority typically consider: (i) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (ii) whether the proceedings have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (iii) whether a stay will simplify the issues in the litigation. *See Trover Group, Inc. v. Dedicated Micros* USA, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015); *NetChoice, LLC v. Paxton*, No. 1:21-cv-840-RP, 2021 WL 7081434, at *1 (W.D. Tex. Dec. 9, 2021).

**II. The Court should stay this case.**

Plaintiffs are already litigating the accused products and asserted patents against the manufacturers—Atrius and Peak. (*See supra* at 4.) Those manufacturer actions present the same patent-specific issues presented here: claim construction, infringement, invalidity, and enforceability. (*See generally id.*) Not only would the Vance Defendants be bound by this Court's decisions on those patent-specific issues as a legal or practical matter, but the Vance Defendants have expressly agreed to be bound by such decisions. (Chandler Decl. ¶ 11.) Litigating those same issues in this reseller case in parallel would impose unnecessary and duplicative burdens on the parties and the Court. Because the Vance Defendants will be bound by the resolution of those issues, the issues need to be litigated and decided only once.

There is no reason to proceed against the retailers now. If the manufacturers win on their defenses, those rulings would bar the corresponding patent claims against the Vance Defendants and the other retailers.[2] If the manufacturers lose and the judgment is satisfied, the single-recovery rule would bar a second damages recovery against the Vance Defendants. *See Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1303 (Fed. Cir. 2007) (holding that "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damages fully compensate the patentee for infringement by users").

If a manufacturer judgment is not satisfied, then the stay can be lifted to litigate the remaining, narrowed issues of customer-specific damages and any claimed individual liability.[3]

And if the manufacturer cases settle, as civil cases often do, the Vance Defendants would likely be released as a term of that settlement.

The Vance Defendants also have little to add to the merits because "retailers will have very little to offer in the way of evidence regarding the substantive aspects of the infringement case. They can add little to nothing regarding how the technology underlying

---

[2] *See Kessler v. Eldred*, 206 U.S. 285, 288–89 (1907) (patentee is barred from asserting infringement action against a customer of a seller who has previously prevailed against the patentee because of non-infringement); *see also Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342-43 (Fed. Cir. 2013) (collateral estoppel bars patentee from suing others on claims of patent that are same or similar to those invalidated in different action); *SpeedTrack, Inc. v. Office Depot, Inc.*, 791 F.3d 1317 (Fed. Cir. 2015) (affirming dismissal based on *Kessler* doctrine).

[3] The Individual Defendants dispute that they have any personal liability. There is no reason to litigate that issue now. It likely will be moot if the manufacturers obtain a defense judgment, settle, or satisfy a judgment. It likely would matter only if Plaintiffs obtain a judgment that Atrius or Peak does not satisfy. Even then, claim construction, validity, enforceability, and infringement would already have been decided without needing to relitigate those issues. Again, the remaining issues would be damages specific to the Vance Defendants and individual liability.

the accused products works." *In re Nintendo Co.*, 544 Fed. Appx. 934, 941 (Fed. Cir. 2013). If plaintiffs later need discovery from the Vance Defendants for the manufacturer actions, they can obtain it by subpoena under Fed. Civ. R. 45.

In sum, the customer-suit exception applies because the Vance Defendants are customers of the manufacturers, and plaintiffs already have patent cases against the manufacturers that are proceeding on the same patents and accused products. Additionally, the traditional stay factors weigh in favor of stay because, as explained above, (i) plaintiffs will not be unduly prejudiced because they can proceed against the manufacturers, the Vance Defendants will remain defendants in this case in a frozen state, and the stay can be lifted if plaintiffs do not obtain complete relief from the manufacturers; (ii) the case is in its beginning stages, discovery has not begun, and no trial date has been set; and (iii) a stay will simplify the issues in the litigation by having the Vance Defendants bound by whatever judgments issue on the patent-specific issues of claim construction, infringement, invalidity, and unenforceability.

Other similarly-situated retailers have moved to stay on the same or additional grounds. (*See, e.g.,* Orion and Choukair Cases, cited above at p. 4.) Those motions remain pending. The same reasons offered in those motions support a stay here as well.

## **Conclusion**

For the foregoing reasons, the Court should grant this motion and stay this action pending the resolution of plaintiffs' patent infringement claims against the manufacturers.

Respectfully submitted,

Dated: August 26, 2026

s/ Matthew J. Cavanagh

Matthew J. Cavanagh (0079522)
McDonald Hopkins LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Defendants*

**Certificate of Conference**

In accordance with Local Rule CV-7(h), the undersigned counsel spoke by phone with plaintiffs' counsel on August 26, 2026. The attorneys shared their opposing views on a stay, but were unable to resolve their differences. This motion, therefore, is opposed.

s/ Matthew J. Cavanagh
*Counsel for Defendants*